IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00180-WYD-MEH

HERMAN BARNES, JR.,

      Plaintiff,

v.

D. JONES;
L. LEYBA;
R. WILEY;
M. NAILEY; and
H. WATTS,

      Defendants.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Stay Discovery (Docket #50), to which the Plaintiff has responded in opposition. Oral argument would not materially assist the Court in resolving this matter. Based upon the discussion below, a stay of discovery in this matter is warranted, and therefore, the motion will be granted.

On July 20, 2006, the Defendants filed a Motion to Dismiss this case, arguing, among other things, that this Court lacks subject matter jurisdiction over the Plaintiff's claims against the Defendants in their official capacity because of sovereign immunity, that this Court lacks personal jurisdiction over Defendants Nalley and Watts, and that Plaintiff has failed to state a claim upon which relief can be granted. The Defendants also raise the issue of qualified immunity with regard to the

individual capacity claims made against them.

It is well established that the defense of qualified immunity "shields" a defendant from trial, but also from the burdens of discovery. *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991); *Sawyer v. County of Creek*, 908 F.2d 663, 665 (10th Cir. 1990). Allowing discovery when the issue of qualified immunity has been raised, but not determined, essentially defeats the purpose of the defense. *See, generally, Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery"). As pointed out by the Defendants, in an unpublished opinion, the Court of Appeals for the Tenth Circuit has opined that the same principles hold true for cases raising sovereign immunity. *See Liverman v. Committee on the Judiciary*, 2002 WL 31379892 at *2 (10th Cir. 2002) ("Finding no logical reason why this rule [under *Siegert v. Gilley* concerning qualified immunity] should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law, we conclude that the district court did not abuse its discretion in staying discovery pending resolution of the [defendant's] motion to dismiss.").

Limited discovery may be necessary when immunity is asserted in a motion for summary judgment on contested factual assertions. *See Crawford-El*, 523 U.S. at 593 n. 14 (citing *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (discovery may be appropriate where, for example, the defendant's characterization of his actions differ from the plaintiff's characterization of those actions). In this case, the Defendants raise their jurisdictional and immunity arguments under a Motion to Dismiss which is not based upon contested factual assertions. Further, resolution of these arguments prior to the expenditure of time and resources by the parties is the interest of judicial economy and in the best interest of the parties.

Accordingly, it is hereby ORDERED that Defendants' Motion to Stay Discovery [Filed August 4, 2006; Docket #50] is **granted**.  It is further ORDERED that all discovery in this case is hereby **stayed** pending resolution of the Defendants' Motion to Dismiss filed on July 20, 2006.

Dated at Denver, Colorado, this 25th day of August, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge