IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00180-WYD-MEH

HERMAN BARNES, JR.,

    Plaintiff,

v.

D. JONES;
L. LEYBA;
R. WILEY;
M. NAILEY; and
H. WATTS,

    Defendants.

## RECOMMENDATION ON MOTION TO DISMISS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Dismiss (Docket #45), to which the Plaintiff has responded in opposition. The Motion has been referred to this Court. Oral argument would not materially assist the Court in resolving this matter. Based upon the discussion below, the Court recommends that the Motion to Dismiss **be granted**.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States*

*v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## I.  FACTS

Plaintiff is incarcerated at the Federal Correctional Complex in Florence, Colorado.  He is diabetic.  He states he is on a "no meat diet."  AMENDED COMPLAINT, Docket #4, p. 4.  He is receiving appropriate meals that contain no meat.  *Id.*  However, he receives a snack during the day as well, and it, on occasion, contains some meat product.  *Id.*  He does not allege that the Bureau of Prisons requires him to eat the meat, nor does he contend that aside from the meat, the remaining contents of the occasional meat-included snack sack is inadequate to meet his dietary needs.  Indeed, he does not even contend that occasional ingestion of meat is harmful to him, but only that he is on a meatless diet.  He merely argues that he should be entitled to consume everything in his snack sack.  *Id.* at p. 9.  To his Amended Complaint, Plaintiff attaches the Warden's response to his administrative remedy, in which the Warden explains that Plaintiff's dietary needs will be met by consuming the remainder of the snack, excluding the meat.  *Id*. at p. 19.  Plaintiff also references a Bureau of Prisons' "Guidelines for Medical Diets/Self-Selection on Mainline," dated October 7, 1996, Program Statement 4700.04, Chapter 8, stating that a diabetic snack should be "1 cup skim milk" and "1 serving non-sugar-coated dry cereal."  He seeks an order requiring the government to refrain from placing meat in his snack sack, along with $250,000 from each Defendant in their "official capacity."

*Id.* at p. 14.

Defendants move to dismiss on various grounds under Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6), as discussed below.

## II. ANALYSIS

A.    <u>Standard of Review</u>

Defendants do not delineate the dismissal standards for the various arguments of their motion. However, notable in Defendants' motion is the fact that they have raised the issue of the official capacity claims against them being barred under principles of sovereign immunity and also, as an alternative argument with regard to the individual capacity claims, that they are entitled to qualified immunity. "[A] motion to dismiss based on sovereign immunity is treated as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)." *Neiberger v. Hawkins*, 150 F. Supp. 2d 1118, 1120 (D. Colo. 2001). Additionally, a motion to dismiss based on qualified immunity is treated as a motion to dismiss for lack of subject matter jurisdiction. *See Meyers v. Colo. Dep't of Human Serv.*, 2003 WL 1826166 (10th Cir. 2003) (unpublished opinion). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

"Motions to dismiss pursuant to Rule 12(b)(1) may take two forms." *Amoco Production Co. v. Aspen Group*, 8 F. Supp. 2d 1249, 1251 (D. Colo. 1998). First, a party may attack the facial sufficiency of the complaint and the court must accept the allegations of the complaint as true. *Id.*

Second, a party may attack the factual assertions regarding subject matter jurisdiction through affidavits and other documents and the court "has wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). "A 12(b)(1) motion . . . can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion." *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)  The Defendants' Motion To Dismiss challenges the factual assertions underlying Plaintiff's Amended Complaint.

While the arguments concerning sovereign and qualified immunity by the Defendants was not specifically raised under Rule 12(b)(1), the Court has a duty to determine subject matter jurisdiction *sua sponte*. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988); *see also* Fed.R.Civ.P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

In a Motion to Dismiss pursuant to Rule 12(b)(2), the Plaintiff bears the burden of establishing that personal jurisdiction exists. *Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999). Where a court chooses not to conduct an evidentiary hearing, the Plaintiff need only make a *prima facie* showing of jurisdiction by showing, through affidavits or otherwise, facts that, if true, would support jurisdiction over the Defendants. *Omi Holdings, Inc. v. Royal Ins. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). The allegations of a complaint must be taken as true, unless contradicted by other evidence, *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984), and to the extend that the defense evidence contradict allegations in the complaint or opposing affidavits, all disputes must be resolved in the Plaintiff's favor and the Plaintiff's *prima facie* showing is sufficient. *Id.*

-4-

With regard to the arguments raised by the Defendants which fit under the standards of Rule 12(b)(6), a dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of Plaintiff's Amended Complaint is not whether Plaintiff will prevail, but whether Plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *(*overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although Plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed.R.Civ.P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Plaintiff in this case is proceeding without an attorney. A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

B. <u>Damages Against Defendants In Their Official Capacities</u>

Defendants allege that Plaintiff may not seek damages against the Defendants in their official capacities under principles of sovereign immunity. Plaintiff does not dispute this. This principle of law is correct. *Marino v. Mayger*, 118 F.ed Appx. 393, 405 (10th Cir. 2004) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). The only claim for damages is explicitly against Defendants in their official capacities. *See* AMENDED COMPLAINT, Docket #4, p. 14. Therefore, the claim for damages must be dismissed.

C. <u>Personal Jurisdiction Over Defendants Nalley And Watts</u>

Defendants contend that Defendants Nalley (from Kansas City, Kansas) and Watts (from Washington, D.C.) have insufficient contacts with the District of Colorado to satisfy the long-arm statute, and support their contention by affidavit. DEFENDANTS' MOTION TO DISMISS, Docket #45, Exhibits 1 and 2. Plaintiff admits that the only contact these Defendants have with this jurisdiction is their connection with his administrative appeals. PLAINTIFF (SIC) RESPONSE TO DEFENDANT (SIC) MOTION TO DISMISS, Docket #53, p. 3. The Court agrees with the Defendants that the mere act of denial an administrative appeal is insufficient to establish personal jurisdiction. *See, e.g., Durham v. Lappin*, No. 05-cv-01282, 2006 WL 2724091 (D. Colo. Sept. 21, 2006) (involving Defendant Watts); *Harnage v. Swanson*, No. 05-3098, 2006 WL 269974 (D. Kan. Feb. 3, 2006) (involving Defendant Watts). Accordingly, the Defendants' motion in this regard should be granted, and Defendants Watts and Nalley should be dismissed from this action for lack of personal jurisdiction.

D. <u>Failure To Exhaust Administrative Remedies</u>

Defendants contend that Plaintiff failed to exhaust administrative remedies because he did not file any administrative remedy with regard to Defendants Watts and Nalley, and under the total

exhaustion rule, the entire case should be dismissed without prejudice. Plaintiff does not address this argument in his response.

The Tenth Circuit has applied a total exhaustion rule in prison condition cases, stating that if a prisoner files a complaint which contains one or more unexhausted claims, "the district court ordinarily must dismiss the entire action without prejudice." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). However, while the federal appellate court recognized that full exhaustion furthers the purposes of the Prison Litigation Reform Act ("PLRA"), it also made note of statutory authority for the dismissal of underlying claims without first requiring the exhaustion of administrative remedies when "a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id.* at 1190 n. 13 (*quoting* 42 U.S.C. § 1997e(c)(2)). The record herein establishes that the Plaintiff has not administratively exhausted the claims which he brings in this lawsuit against all Defendants because he did not file any administrative remedy with regard to Defendants Watts and Nalley which would have alerted prison authorities to the fact that they were involved or role they played. *See Kikumura v. Osagie*, 461 F.3d 1269, 1285-86 (10th Cir. 2006) (a prisoner must provide as much relevant information as he reasonably can in the administrative grievance process, to include the identity and/or involvement of any alleged wrongdoers, to afford prison officials the opportunity to address the complaint internally). However, as analyzed and set forth below, the Plaintiff has also failed to state a claim upon which relief can be granted as to these same claims which the remaining named Defendants do not dispute that he has exhausted against them. Therefore, dismissal of these claims without requiring full exhaustion against all Defendants is warranted under the provisions of 42 U.S.C. § 1997e(c)(2), and Defendants' motion in this regard should be deemed moot .

E.       Failure To State A Claim/Qualified Immunity

The Court agrees with Defendants that Plaintiff does not state a violation of his Eighth Amendment right to be free from deliberate indifference to his serious medical needs. A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The test for constitutional liability of prison officials "involves both an objective and a subjective component." *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000). Plaintiff must first allege a deprivation of his rights that is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Court will accept that diabetes is a serious medical need. This leads to the subjective prong of the deliberate indifference test.

> The subjective prong of the deliberate indifference test requires the plaintiff to present evidence of the prison official's culpable state of mind. *See Estelle,* 429 U.S. at 106, 97 S. Ct. 285. The subjective component is satisfied if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Farmer,* 511 U.S. at 837, 114 S. Ct. 1970. A prison medical professional who serves "solely . . . as a gatekeeper for other medical personnel capable of treating the condition" may be held liable under the deliberate indifference standard if she "delays or refuses to fulfill that gatekeeper role." *Sealock,* 218 F.3d at 1211; *see also Estelle,* 429 U.S. at 104-105, 97 S.Ct. 285 (deliberate indifference is manifested by prison personnel "in intentionally denying or delaying access to medical care").

*Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). There is no evidence or even allegation that any official knew of and disregarded any risk, let alone an excessive one, to Plaintiff's health. The records Plaintiff attaches to his Amended Complaint demonstrate that prison officials believed that even when Plaintiff received the occasional snack sack with a piece of meat in it, his medical needs would be met even if the meat were not eaten. *See Hall*, 935 F.2d at 1112 (materials attached to a complaint and incorporated into it may be considered without converting the Rule 12(b)(6) motion to one of

-8-

summary judgment).  Plaintiff does not allege that he was ever at risk by having a piece of meat occasionally included in his snack sack.

Furthermore, Defendants are entitled to qualified immunity unless the alleged constitutional right was clearly established at the time of the violation.  *Mata.* at 749.  Here, the alleged constitutional right was a snack sack that contained no meat whatsoever.  The Court cannot find any authority for the proposition that, absent an allegation of allergies (*e.g.*, to peanuts, etc.), simply including in a meal a piece of food that an inmate should not be eating is a constitutional violation.  Thus, the law was not clearly established in Plaintiff's favor at the time of the alleged violation here. *Cf. Baird v. Alameida*, 407 F. Supp. 2d 1134 (C.D. Cal. 2005) (finding that the plaintiff did not allege that acts or omissions are sufficient harmful to evidence deliberate indifference to serious medical needs in regards to a prisoner on a diabetic diet who was fed food that he thought was harmful but that Defendants alleged was not).

Even viewing the facts of the Amended Complaint in a light most favorable to the Plaintiff, he has failed to state a claim for violation of a constitutionally protected right with regard to the claims set forth in his Amended Complaint, and therefore, the individual Defendants in this case are entitled to qualified immunity with regard to these claims.  *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (failure to make out a violation of a clearly established constitutional right is a failure to satisfy necessary threshold inquiry in determination of qualified immunity claim).

F.   Possibility of Amendment

Affording the Plaintiff notice or an opportunity to again amend his pleading in this case would not assist him in this matter.  Plaintiff previously amended his complaint as a matter of course under Fed. R. Civ. P. 15(a), by the filing of his Amended Complaint on February 14, 2006.  Accordingly,

Plaintiff must seek leave of Court or consent of the Defendants to further amend his pleadings. *See* Fed.R.Civ.P. 15(a). Defendants have not given consent in this regard, and therefore, leave of court would be necessary for such an amendment to be properly filed.

Leave to amend "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). Though courts are expected to heed this mandate, *Foman v. Davis*, 371 U.S. 178, 182 (1962), the matter is still committed to the court's sound discretion, *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

> 'Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses,' but 'equal attention should be given to the proposition that there must be an end finally to a particular litigation.'

*Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967) (citation omitted)).

> Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, courts may deny leave for untimeliness or undue delay without a showing of prejudice to the opposing party. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). Courts evaluate the reasons for the delay and assess whether they amount to excusable neglect. *Gates Learjet Corp.*, 823 F.2d at 387. Untimeliness is sufficient cause for denying leave, especially when the movant offers no adequate explanation for the delay. *Frank*, 3 F.3d at 1365-66. Courts may deny leave if the movant "'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Pallottino v. City of Rio Rancho*, 31 F.3d at 1027 (quoting *State Distributors, Inc. v. Glenmore Distilleries*, 738 F.2d

405, 416 (10th Cir. 1984) (citations omitted)).

Based on the record before the Court, I find that granting leave to the Plaintiff to amend his Complaint a second time would be untimely, that Plaintiff did not diligently pursue the basis of any such amendments, and that the facts behind such amendments would have been known to the Plaintiff at the initiation of this action. Following the filing of a dispositive motion which challenges a plaintiff's claims, the court must be cautious in considering additional facts or legal theories especially when the plaintiff is on notice that the allegations in the complaint are in some way deficient. *See, generally, Hayes v. Whitman*, 264 F.3d 1017, 1025-26 (10th Cir. 2001). Finally, Plaintiff has proceeded in this Court on one set of facts instead of any other facts of which the Plaintiff would have known, amounting to a choice made by the Plaintiff, not excusable neglect. Accordingly, refusing the Plaintiff an opportunity to further amend his Amended Complaint to add any new claims and defendants would be justified.

### III. CONCLUSION

Based on the foregoing, and the pleadings on file herein, it is hereby **recommended** that Defendants' Motion to Dismiss [Filed July 20, 2006; Docket #45] be **granted** and that the Amended Complaint be dismissed in its entirety against all Defendants.

Dated at Denver, Colorado, this 15th day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge