IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00180-WYD-MEH

HERMAN BARNES, JR.,

     Plaintiff,

v.

D. JONES;
L. LEYBA;
R. WILEY;
M. NAILEY; and
H. WATTS,

     Defendant(s).

---

**ORDER AFFIRMING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

I.    INTRODUCTION

THIS MATTER  is before the Court on Defendants' Motion to Dismiss [# 45], filed July 20, 2006.  The matter was referred to Magistrate Judge Michael E. Hegarty for a Recommendation by Order of Reference dated March 22, 2006.  Magistrate Judge Hegarty issued a Recommendation on December 15, 2006, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Hegarty recommends therein that the Defendants' Motion to Dismiss be "granted and that the Amended Complaint be dismissed in its entirety against all Defendants." (*See* Recommendation at 11.)

On December 28, 2006, Plaintiff filed a timely Objection, which necessitates a de

novo determination as to those specified proposed findings or recommendations to which objection is made because the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). For the reasons set forth below, the Defendants' Motion to Dismiss is granted.

II.   STANDARD OF REVIEW

The purpose of a motion to dismiss is to decide if the pleadings outlined in the complaint are sufficient to state a claim. Pleadings of a *pro se* plaintiff should be liberally construed. *Haines v. Kerner*, 404 U.S. 520, 520-21 (1972). The Court, however, cannot act as an advocate for a *pro se* litigant and the litigant must still comply with the requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In ruling on a motion to dismiss, this Court must accept Plaintiff's well-pleaded allegations as true, and construe all reasonable inferences in favor of Plaintiff. *Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, 493 (1986). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988).

III.   ANALYSIS

In his Objection, Plaintiff objects to five of Magistrate Judge Hegarty's recommendations. First, Plaintiff objects and claims that Magistrate Judge Hegarty failed to address the merits of Plaintiff's claim. (Objection at 1). Second, Plaintiff

objects to Magistrate Judge Hegarty's conclusion that Plaintiff failed to state a violation of Plaintiff's Eighth Amendment rights. (Objection at 3-4.) Third, Plaintiff objects to Magistrate Judge Hegarty's conclusion that the Colorado long-arm statute does not provide the Plaintiff personal jurisdiction over Defendants Nailey and Watts. (Objection at 5-6.) Fourth, Plaintiff objects to Magistrate Judge Hegarty's conclusion that sovereign immunity bars a suit against Defendants in their official-capacity. (Objection at 6). Fifth, Plaintiff objects to Magistrate Judge Hegarty's conclusion that the amended complaint must be dismissed against Defendants Nailey and Watts because Plaintiff failed to exhaust his administrative remedies against those Defendants. (Objection at 5.) I will address each of these objections in turn.

    A.    <u>Failure to Address the Plaintiff's Claims</u>

Plaintiff's first objection is without merit. Plaintiff is on a no meat diet, but occasionally receives meat in his diabetic sack. Plaintiff contends that his claim is based on the "no meat diet policy, which states that no meat diets should [not] contain any flesh." (Objection at 1.) The no meat policy, however, does not state that the diabetic sack should not contain meat. In his Recommendation, Magistrate Judge Hegarty notes that absent a food allergy, there is no authority that states that "simply including in a meal a piece of food that an inmate should not be eating is a constitutional violation." (Recommendation at 9.) Therefore, Magistrate Judge Hegarty's Recommendation addresses Plaintiff's claim, and Plaintiff's claim is properly dismissed.

B.    Eighth Amendment Claim

Plaintiff's second objection is also without merit. In his Recommendation, Magistrate Judge Hegarty recognizes that a "prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment," pursuant to the principles set forth in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). (Recommendation at 8.) The Supreme Court has determined that although accidental or inadvertent failure to provide adequate medical care to a prisoner would not violate the Eighth Amendment, "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment because it constitutes unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Estelle*, 429 U.S. at 104. The Tenth Circuit has held that in order to state a deliberate indifference claim for constitutionally inadequate conditions of confinement, the Plaintiff must allege: (1) a deprivation of his rights that is objectively, sufficiently serious; and (2) that an official knew of and disregarded a risk to the Plaintiff's health. *Mata v. Saiz*, 427 F.3d 745 (10th. Cir. 2005).

In *McCabe v. Aramark Food Servs.*, 2002 U.S. Dist. LEXIS 264 (N.D. Ill. 2002), a prisoner was diagnosed with diabetes and placed on a diabetic diet. Although the food services group was advised of the prisoner's diet and assured him that he would receive diabetic meals, the prisoner alleged that he never received a diabetic meal. *Id.* at 2. As a result, the prisoner was unable to consume the meals provided to him, which put him at a substantial risk of suffering hypoglycemia or other medical complications arising from diabetes. *Id.* The court held that a diabetic's need to control his diet is a

sufficient medical need for the purposes of Eighth Amendment analysis. *Id.* Additionally, the court found that the food services group was aware of the prisoner's medically prescribed diabetic meals and failed to provide him with food that would meet his dietary requirements. *Id.* at 5.

In the case at hand, Plaintiff's medical need is objectively, sufficiently serious to satisfy the first prong of an Eighth Amendment claim. Similar to the prisoner in *McCabe*, the Plaintiff suffers from diabetes which, if not treated properly with diet and insulin, could result in hypoglycemia or other medical complications. However, Plaintiff does not claim that he was not provided any diabetic meals. Rather, Plaintiff claims that his meals occasionally contain meat which he chooses not to consume. The Plaintiff never asserts that he is allergic to meat or would be harmed by consuming meat. Further, nothing in the Record indicates that the Defendants disregarded a serious medical risk. The Record indicates that the Defendants' believed that the medical needs of the Plaintiff would "be fulfilled by consuming the other items (bread) in the diabetic sacks that contain meat." (Compl. at 20). Therefore, any risk to the Plaintiff's health resulted from his own choice not to eat the food contained in his diabetic sack. Accordingly, Magistrate Judge Hegarty's Recommendation that Plaintiff's Eighth Amendment claim should be dismissed is affirmed.

    C.    <u>The Colorado Long-Arm Statue and Personal Jurisdiction</u>

Plaintiff's third objection is without merit. Plaintiff claims that the Colorado long-arm statute does not give Defendants Nailey and Watts "the right to violate [Board of Prison] policies without cause." (Objection at 6.) Plaintiff's argument, however, is

inapposite because the Colorado long-arm statute only pertains to the court's jurisdiction over the Defendants', rather than the Defendants' alleged Board of Prison policy violation. Defendants Nailey and Watts reside in Kansas City, Kansas, and Washington, D.C. respectively. In his Recommendation, Magistrate Judge Hegarty correctly notes that Defendants Nailey and Watts' administrative denials are insufficient to establish personal jurisdiction in Colorado. (Recommendation at 6.) I agree and affirm Magistrate Judge Hegarty's conclusion that Defendants Nailey and Watts should be dismissed from the case for lack of personal jurisdiction.

   D.   Failure to Exhaust Administrative Remedies

 The Supreme Court recently held that failure to exhaust administrative remedies under the PLRA is an affirmative defense, rather than a pleading requirement. *Jones v. Bock*, __ S.Ct. __, 2007 (No. 05-7058, 05-7142) at 31. Magistrate Judge Hegarty's Recommendation was filed prior to this opinion. Applying the reasoning and conclusions of *Jones*, Plaintiff is not required to plead exhaustion in his Complaint. *Id.* However, in light of my determination that Plaintiff fails to state a claim for which relief could be granted, I need not address this objection.

   E.   Sovereign Immunity

The Plaintiff's fifth objection is without merit. A plaintiff can seek damages against a defendant in the defendant's individual-capacity or the defendant's official-capacity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Damages in individual-capacity suits are satisfied by the defendant's personal assets. *Id.* Whereas, damages in official-capacity suits are satisfied by a government entity's assets. *Id.* Therefore,

an official-capacity suit is treated as a suit against the government entity, regardless of whether the government entity is a named party to the claim. *Id.* at 166.  Additionally, a government entity is entitled to sovereign immunity under the Eleventh Amendment. *Id.* at 167.

The Plaintiff sought damages against the Defendants' in their official-capacities but not in their individual-capacities.  Therefore, sovereign immunity applies to Plaintiff's claims.  In his Objection, Plaintiff asserts that because the Defendants were deliberately indifferent to his medical condition, the Defendants are not entitled to sovereign immunity.  (Objection at 6.)  Sovereign immunity, however, bars suits against a government entity, regardless of whether a government official was deliberately indifferent to an individual's medical condition.  Thus, Magistrate Judge Hegarty's conclusion that "the claim for damages must be dismissed" because the Plaintiff's claims are "explicitly against Defendants in their official capacities" is proper. (Recommendation at 6.)

IV.     CONCLUSION

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation on the Motion to Dismiss [#61], filed December 15, 2006, is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that the Motion to Dismiss [#45] is **GRANTED**, and the Amended Complaint be **DISMISSED WITH PREJUDICE**.

Dated: February 26, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge